KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

    450 Golden Gate Avenue, Tenth Floor
    San Francisco, California 94102
    Telephone:   (415) 436-6909
    Facsimile:   (415) 436-6748
    Email: jonathan.lee@usdoj.gov
Attorneys for Defendant UNITED STATES

STANLEY J. CASPER (SBN 56705)
ANDREW C. SCHWARTZ (SBN 64578)
CASPER, MEADOWS, SCHWARTZ & COOK
A Professional Corporation
2121 North California Boulevard, Suite 1020
Walnut Creek, CA 94596
Telephone:   (925) 947-1147
Facsimile:   (925) 947-1131
Email:   casper@cmslaw.com
Attorneys for PLAINTIFFS ROBERT AND ALYCIA AREU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT AREU and ALYCIA AREU, ) | No. C 05-2756 CRB (EDL) |
| ) | |
| Plaintiffs, ) | **STIPULATION AND [PROPOSED]** |
| ) | **ORDER APPROVING COMPROMISE** |
| v. ) | **SETTLEMENT** |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

    THE PARTIES, BY AND THROUGH THEIR ATTORNEYS OF RECORD, HEREBY

SUBMIT THE FOLLOWING STIPULATION:

    WHEREAS, on August 8, 2003, Mr. Robert Areu received an epidural steroid injection,

administered at the Fresno VA Medical Center by physicians and other employees of the

Department of Veterans Affairs;

STIPULATION AND PROPOSED ORDER APPROVING COMPROMISE SETTLEMENT
*Areu v. USA*, Action C 05-2756 CRB    -1-

WHEREAS, following the events of August 8, 2003, Mr. Robert Areu and his wife Alycia Areu made an administrative claim for tort damages;

WHEREAS, on July 6, 2005 Robert and Alycia Areu filed this lawsuit against the United States of America, alleging medical malpractice as to Robert Areu and loss of consortium as to Alycia Areu, under the Federal Tort Claims Act;

WHEREAS, Robert Areu died on or about January 12, 2006;

WHEREAS, the parties attended a mediation before Arnold Haims, Esq. on February 24, 2006 but the case did not settle;

WHEREAS, the parties conducted four depositions of VA employees in Fresno on March 29, 2006;

WHEREAS, the parties reached agreement on the terms of settlement recorded herein on or about April 4, 2006;

IT IS HEREBY STIPULATED as follows:

1. The parties to this litigation are Alycia Areu in her personal capacity as plaintiff and Alycia Areu on behalf of the Estate of Robert Areu (hereinafter, "Plaintiffs"), on the one hand, and defendant United States of America, on the other hand;

2. The parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.

3. The Federal Defendant agrees to pay to the plaintiffs the sum of $70,000 (Seventy Thousand Dollars exactly), made payable to the trust account of Stan Casper, Esq., under the terms and conditions set forth herein, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, for which plaintiffs, their heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America or its agents,

servants, and employees.

4. Plaintiffs and their heirs, executors, administrators or assigns hereby agree to accept the sum of $70,000 (Seventy Thousand Dollars exactly) in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America or its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned lawsuit. Plaintiffs and their heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America and its agents, servants or employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their heirs, executors, administrators or assigns against any third party or against the United States of America.

5. In consideration of the payment of Seventy Thousand Dollars and No Cents ($70,000.00) and the other terms of this Stipulation and Agreement, as set forth above, the plaintiffs agree to <u>immediately upon execution of this agreement</u>, execute the accompanying Stipulation and [Proposed] Order for Dismissal with Prejudice , which stipulation shall dismiss, with prejudice, all claims asserted in This Action or any claims that could have been asserted in this Action, which is captioned *Robert Areu and Alycia Areu v. United States of America*, C 05-2756 CRB. The fully executed Stipulation of Dismissal will be held by counsel for the defendant and will be filed with the Court upon receipt by plaintiffs' counsel of the settlement amount and the completion of the settlement terms described herein.

6. This stipulation for compromise settlement is entered into by all parties for the

purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This settlement does not constitute an admission of liability or fault on the part of any party.

7. It is also agreed by and among the parties that neither the plaintiffs nor plaintiffs' attorneys may make any claim for attorney's fees or other costs or expenses of litigation against the Federal Defendant, the United States, their agents, servants, or employees in connection with plaintiff's claims as set forth herein.

8. This agreement may be pled as a full and complete defense to any subsequent action or other proceeding which arises out of the claims released and discharged by the agreement.

9. It is also agreed, by and among the parties, that the settlement amount of $70,000 (Seventy Thousand Dollars exactly) paid by the United States of America to plaintiff represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

10. The settlement amount will be made by a check payable to "Robert Areu, Alycia Areu and their attorney of record Stan Casper, Esq." Plaintiffs' counsel shall be responsible for distributing the funds to plaintiffs.

11. Plaintiff is advised that settlement checks are often not available for 45 to 60 days after approval of the settlement by the court. Counsel for the United States of America will notify plaintiff's counsel within 48 hours after receiving the settlement check in the U.S. Attorney's Office.

12. Within ten (10) days of the filing of this agreement, plaintiffs agree to execute and provide to defense counsel a stipulation of dismissal with prejudice of plaintiff's complaint. Defense counsel will hold the stipulation of dismissal for filing after transmittal of the settlement check to plaintiff's counsel.

13. Plaintiffs hereby release and forever discharge the United States of America and

any and all of its past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in plaintiff's pleadings in this action.

14. Plaintiff Alycia Areu specifically represents and warrants that she is the personal representative of the Estate of Robert Areu and/or Robert Areu's successor in interest under California law, and as such, she has the capacity and standing to enter into this settlement agreement on behalf of the Estate of Robert Areu.

15. The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542 by their attorney of record, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiffs understand that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this settlement agreement shall be and remain effective notwithstanding such material difference.

16. The parties agree that this stipulation is intended to be a full and final settlement of all claims arising out of the allegations set forth in plaintiffs' pleadings in this action. Plaintiffs agree to indemnify and hold harmless defendant United States of America from any and all claims, demands, obligations, liens, and lawsuits brought against the United States of America, its agencies or employees, arising out of the allegations set forth in plaintiff's complaint in this action.

17. This instrument shall constitute the entire agreement between the parties, and it is

STIPULATION OF SETTLEMENT: [PROPOSED] ORDER
Case No. C 05-2756 CRB        -5-

expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

18. If any withholding or income tax liability is imposed upon plaintiffs based on payment of the settlement sum as set forth herein, plaintiffs shall be solely responsible for paying any such liability.

19. Plaintiffs and plaintiffs' attorneys have been informed that payment of the settlement amount may take 45 days or more to process. Defendant will submit a request for payment to the National Finance Center within 2 days after Plaintiff's execution of this Stipulation and Agreement and the Stipulation and [Proposed] Order for Dismissal with Prejudice.

20. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and Agreement.

21. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Stipulation and Agreement and that they have had the contents of this Stipulation and Agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this Stipulation and Agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this Stipulation and Agreement.

22. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or

unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

23. The parties agree that, should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue any of the original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement. This settlement agreement may be signed in counterparts.

24. The parties further agree that the filing of this executed Stipulation and Agreement shall notify the Court of the parties' agreement to vacate all pending discovery, motion hearing dates, settlement or pretrial deadlines or trial date associated with this litigation.

DATED: April 11, 2006

_____
Alycia Areu, Plaintiff

DATED: April 11, 2006

_____
Alycia Areu, on behalf of the Estate of Robert Areu

DATED: April 8, 2006

CASPER, MEADOWS, SCHWARTZ & COOK

_____
STANLEY J. CASPER
Attorney for Plaintiffs

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: April 13, 2006 | KEVIN V. RYAN<br>United States Attorney |
| 3 | | |
| 4 | | JONATHAN U. LEE |
| 5 | | Assistant United States Attorney<br>Attorneys for Defendants |

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

DATED: _____    _____



The Honorable Charles R. Breyer
UNITED STATES DISTRICT JUDGE